United States District Court for the
Western District of Oklahoma

| | |
|---|---|
| Wayne Duke Kalbaugh, plaintiff, <br><br> vs. <br><br> David Holt, Francis Kersey, David Prater, Wade Gourley, Sgt Kyle Dake #1700, Sgt Tyler Head #1657, Sgt Charles Seale #1612, Oklahoma City Police Department Ex. Rel. State of Oklahoma. | Criminal Case No. CF-14-8557 <br> District Court No. CIV-18-2222 <br> OK Supreme Court No. 117,770 <br><br> Western District Court No. _____ <br><br> FILED <br> MAR 02 2021 <br> CARMELITA REEDER SHINN, CLERK <br> U.S. DIST. COURT, WESTERN DIST. OKLA. <br> BY_____, DEPUTY |

Plaintiffs Pro-Se 42 U.S.C. § 1981 & 1983 & 1985 & 28 U.S.C. 1331 & 1343 6(3). Civil Action Appendix. 28 USC § 1367 & 2201 & 2202 et al

Respectfully Submitted – 2-26-2021
/s/ Wayne D Kalbaugh
Wayne Kalbaugh # 450429
N.F.C.C. / C-N-229
1605 East Main Street
Sayre, OK 73662

FILED
COURT OF CIVIL APPEALS
STATE OF OKLAHOMA

DEC 1 1 2020

JOHN D. HADDEN
CLERK

NOT FOR OFFICIAL PUBLICATION

IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA

DIVISION III

| | |
|---|---|
| WAYNE D. KALBAUGH,<br><br>    Plaintiff/Appellant,<br><br>vs.<br><br>DAVID PRATER, District Attorney for<br>The 7th Prosecutorial District, STATE<br>OF OKLAHOMA, and CITY<br>OF OKLAHOMA CITY,<br><br>    Defendants/Appellees. | Case No. 117,770<br>(Comp. with 118,824) |

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE ALETIA HAYNES TIMMONS, TRIAL JUDGE

**AFFIRMED**

Wayne D. Kalbaugh,
Sayre, Oklahoma,

Pro Se,

Kevin L. McClure,
ASSISTANT ATTORNEY GENERAL,
Oklahoma City, Oklahoma,

For Appellee State of
Oklahoma,

Kenneth Jordan,
Cindy Richard,
Orval Edwin Jones,

exhibit 1

Oklahoma City, Oklahoma,            For Appellee City
of Oklahoma City.

OPINION BY BARBARA G. SWINTON, VICE-CHIEF JUDGE:

¶1     Plaintiff/Appellant Wayne D. Kalbaugh (Plaintiff) appeals from an order denying his motion for the return of seized property in an action filed against Defendants/Appellees David Prater, District Attorney for the 7th Prosecutorial District (Prater), the State of Oklahoma (State), and the City of Oklahoma City (City) (collectively Defendants). Plaintiff argues that the State's efforts to seek forfeiture are barred by the relevant statute of limitations, that he was not given proper notice of any forfeiture proceedings by Defendants, that his constitutional property rights have been violated, and that the case was improperly dismissed *sua sponte*. In response, Defendants argue that many of the items listed by Plaintiff were never seized, and that most of the items that were seized could not be returned to Plaintiff by statute. Further, the State urges that it no longer has possession of any of the items that Plaintiff requested to have returned, and that any items were returned to the City's police department after Plaintiff's criminal trial for preservation and storage because they are evidence in an active criminal case. We affirm.

¶2     In October 2018, Plaintiff filed a Motion for Return of Seized Property, pursuant to 22 O.S. § 1321, naming himself as plaintiff, and also listing U.S. currency, computers, firearms, ammunition, cell phones, sunglasses, a purse, and a briefcase as part of his description. Defendants were listed as Oklahoma County

2

District Attorney and the City of Oklahoma City Police Department. Plaintiff's petition demanded immediate return of the listed property as well as its "depreciated value." Plaintiff's claims were based on the allegation that his direct appeal had been denied by the Court of Criminal Appeals, and that the statute of limitations period for forfeiture actions had passed.

¶3  The State responded, arguing that the evidence in the case needed to be retained because there was a post-conviction case still pending, that Plaintiff, as a convicted felon, could not own a firearm or ammunition, and that the District Attorney never had physical possession of the currency. On January 22, 2019, the district court signed an order denying the motion to return in its entirety and dismissed the civil case. Plaintiff appeals from this order of dismissal.

¶4  The City, unaware of the pending dismissal, filed a special appearance and motion to dismiss, asserting that the police department was not properly served and should be dismissed, and also compared the property claimed by Plaintiff, property used as evidence in the criminal case, and property in police custody. The City pointed out that the only property listed as in police custody that was not also listed as evidence in the case was seized currency, a briefcase, a purse, and contraband. The City noted that while Plaintiff claimed $8,176 in currency, only $1,176 in currency had been seized. The City filed a motion in the criminal case to return the currency to its actual owner, a co-defendant in the criminal case who was arrested

3

in connection with the same incident. The City then filed a suggestion of mootness in this appeal. City argued that because the currency was returned to Maria Moore, the appeal was, in part, now moot. On appeal, Plaintiff asserts that the State has failed to timely file forfeiture proceedings, that he was not given notice of any such proceedings, and that Plaintiff's constitutional property and due process rights have been violated.[1]

¶5    Plaintiff first argues that the State failed to seek forfeiture of his assets within the one year statute of limitations set forth in 12 O.S. § 95 (4), and that he was not given appropriate notice of a forfeiture action. Although somewhat difficult to discern from the argument, Plaintiff suggests that his property was "illegally seized and stolen" by the Defendants, and that they should have initiated forfeiture proceedings concerning the property. In response, Defendants argue that the property at issue that was actually seized was either contraband or related to evidence in Plaintiff's criminal case. Defendants have not sought forfeiture. Plaintiff is still challenging his criminal conviction. Furthermore, Oklahoma law provides a specific process to obtain property that was confiscated by the State in the course of a police investigation, subsequent charges, and criminal trials. Specifically, 22 O.S. § 1321 provides a remedy to facilitate the return of property "held in the custody of a

---

[1] We note that Plaintiff raises several other propositions of error which are not supported by argument or authority as required by Oklahoma Supreme Court Rule 1.11 (k) and we will therefore not consider them on appeal.

4

municipality, county or the state in any criminal investigation, action or proceeding." Pursuant to 22 O.S. § 1321 (C), the owner of such property "may make application to the magistrate for the return of the property." Plaintiff's propositions of error concerning forfeiture do not require reversal.

¶6     Additionally, Plaintiff argues that his constitutional property rights have been violated because the State failed to provide a rational basis to retain the possessory interest in his personal property seized in a criminal investigation or prosecution, pursuant to *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297 (3d Cir. 1978). In response to Plaintiff's initial motion under 22 O.S. § 1321, the State responded, setting forth the items it retained pursuant to its investigation and prosecution of Plaintiff, including an evidence log and case record pertaining to certain items it originally retained for the criminal case. The State provided that it had no knowledge of the property listed in Plaintiff's motion that was not related to the criminal case. The State also argued that certain items could not have been legally owned by Plaintiff due to a felony conviction, pursuant to 18 U.S.C. § 922 (g). Likewise, City's response compared its inventory with evidence in the case as well as the items listed by Plaintiff and argued to the court that the only property listed in police custody that was not also listed as evidence in the case was seized

currency, a briefcase, a small purse, and contraband.[2]  We are satisfied that Defendants provided information to the trial court sufficient for it to make a determination that there was a connection between the property alleged to have been seized and the criminal case. *See Kolosha v. State*, 2017 OK 48, ¶ 10, 397 P.3d 479. Furthermore, pursuant to *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), there is no Fourteenth Amendment claim where there is an adequate state post-deprivation remedy.  Oklahoma provides an adequate post-deprivation remedy, such as the statutory scheme for the return of property seized as evidence pursuant to 22 O.S. § 1321. We therefore will not reverse the order on this ground.

¶7     Finally, Plaintiff argues that his constitutional rights were violated when the trial court dismissed the cause of action before a motion to dismiss was filed. However, we note that the Defendants filed objections to the motion, providing information in response to the petition pursuant to 22 O.S. § 1321. Error must be affirmatively demonstrated by the appellant. *See Willis v. Sequoyah House, Inc.*, 2008 OK 87, ¶ 15, 194 P.3d 1285. After consideration of the Plaintiff's propositions

---

[2] *See* Record at 177-178. It appears that there is no dispute as to the City's continued retention of the purse and briefcase, and if the items have not already been returned, that should be done so in accordance with 22 O.S. § 1321. The currency, and its release thereof, was addressed in the criminal case below. We therefore agree that the allegations of error on appeal concerning the currency are moot.

6

and a review of the record, Plaintiff herein has not shown reversible error on this issue.

¶8   Although not raised by Plaintiff, we note that the City, in its response brief, raised a question as to the procedural propriety of the case below having been filed as a separate civil action and not as a part of the Plaintiff's criminal case. Taking issue with *Kolosha v. State*, 2017 OK 48, 397 P.3d 479, the City suggests that this Court make a determination that the district court in a criminal case has exclusive jurisdiction over property seized in connection with the case, in apparent contradiction with *Kolosha*. This issue was not ruled upon by the trial court, so we need not address it on appeal. "This Court does not make first-instance determinations of disputed issues of either law or fact in the exercise of its appellate jurisdiction." *In re: Guardianship of Stanfield*, 2012 OK 8, ¶ 27, 276 P.3d 989, 1001.

¶9   The order of the trial court is therefore AFFIRMED.

MITCHELL, P.J., and PEMBERTON, J., concur.

7