IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYNE DUKE KALBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CV-21-173-R |
| | ) |
| DAVID HOLT, et. al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On April 6, 2021, the Honorable Magistrate Judge Gary M. Purcell issued a Report and Recommendation, recommending that the Court dismiss this action 'for failure to state a claim upon which relief may be granted." Doc. No. 8, p. 8. Judge Purcell advised the Plaintiff of his right to object to the Report and Recommendation by April 26, 2021, and further advised him that the failure to timely object waives the right to appellate review of the factual and legal issues addressed. *Id*. After not receiving an objection, the Court adopted Judge Purcell's Report and Recommendation, dismissing Plaintiff's claims without prejudice. Doc. No. 9.

On May 27, 2021, the Court received notice that Plaintiff had not received the Report and Recommendation. Doc. No. 11. Accordingly, the Court vacated its Order and Judgment adopting Judge Purcell's recommendation. Doc. No. 12. The Court then granted Plaintiff twenty-one days to object, which Plaintiff did on June 18, 2021, "invok[ing] the authority of *Houston v. Lack*, 478 U.S. 266, 276 (1988)." Doc. No. 13, p. 4. The Court now finds as follows.

After a jury trial, Plaintiff was convicted of Aggravated Attempt to Elude a Police Officer, Possession of a Controlled Dangerous Substance, Possession of a Firearm After Former Conviction of a Felony, and Possession of an Offensive Weapon While Committing a Felony. Doc. No. 8, pp. 1–2. When he was charged, police officers seized various items of Plaintiff's personal property. *Id.* Plaintiff argues that some of his property has not been returned, and that the retention of this property violates his constitutional rights under the "5th, 7th, & 14th [Amendments]." Doc. No. 13, p. 2.

Plaintiff filed a civil action in the District Court of Oklahoma County in 2018, pursuant to Okla. Stat. tit. 22 § 1321, seeking to have his seized property returned. Doc. No. 8, p. 2. The state court denied his request, and on appeal, the Oklahoma Court of Civil Appeals affirmed.[1] Plaintiff then filed for relief in this Court. *See generally* Doc. No. 1.

In his Report and Recommendation, Judge Purcell recommended that the Court dismiss Plaintiff's claims for failing to state a claim upon which relief may be granted because he had an alternate state remedy that barred his Section 1983 procedural due process claim. Doc. No. 8, pp. 7–8. In his objection, Plaintiff essentially argues that his constitutional rights were violated because the State did not provide adequate notice to him of his forfeiture proceedings. *See generally* Doc. No. 13.

Courts must dismiss complaints filed by prisoners against governmental entities, officers, or employees when the claims are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief" from an immune defendant. Doc.

---

[1] OCSN, *Kalbaugh v. Prater*, Oklahoma Court of Civil Appeals, Case No. DF-117,770, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=DF-117770&cmid=125790.

No. 8, pp. 3-4 (citing 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)). Of course, the court reviewing the plaintiff's allegations must construe them in the light most favorable to the plaintiff and—when the plaintiff proceeds *pro se*—liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

First, Judge Purcell construed Plaintiff's constitutional claims as asserting a procedural due process claim under the Fourteenth Amendment. Doc. No. 8. The Court agrees with this construction, as Plaintiff's asserted facts could not plausibly be construed as asserting claims under the Fifth or Seventh Amendments.

As to his procedural due process claim, the Tenth Circuit has previously explained that "there is no Fourteenth Amendment claim where there is an adequate state post-deprivation remedy." *Thompson v. City of Shawnee*, 464 F. App'x 720, 724 (10th Cir. 2012). In *Thompson*, the plaintiff sought to retrieve 35 t-posts seized in conjunction with a criminal investigation. *Id.* at 722. Citing Okla. Stat. tit. 22 § 1321, the court explained that "Oklahoma provides adequate post-deprivation remedies, such as causes of action for conversion and replevin, as well as a statutory scheme for returning property seized as evidence." *Id.* at 724. Further, the plaintiff's failure to prevail within Oklahoma's post-deprivation remedial scheme did not render the remedies "inadequate for purposes of determining the existence of a Fourteenth Amendment Claim." *Id.* at 724 n. 2. Accordingly, the court affirmed the district court's grant of summary judgment on his § 1983 claim. *Id.*

Plaintiff's Fourteenth Amendment claim here fails as well. Plaintiff pursued relief through the State's procedures outlined in Okla. Stat. tit. 22 § 1321.[2] Doc. No. 8, p. 7. Though his pursuit was unsuccessful, the available state remedy was no less adequate. *See, e.g.*, *Thompson*, 464 F. App'x at 724 n. 2; *see also Khalafala v. Scully*, No. CV 08-6773 SJO FMO, 2009 WL 2351726, at *2 (C.D. Cal. July 25, 2009) ("Whether plaintiff succeeds in redressing his loss through the available state remedies is immaterial; the existence of these alternate remedies bars a Section 1983 procedural due process claim."). For this reason, as the Court explained in *Thompson*, Oklahoma's post-deprivation scheme provided Plaintiff an adequate remedy for his constitutional complaint. Accordingly, his Fourteenth Amendment claim is without merit, and therefore, is dismissed with prejudice.

For the reasons set forth above, Judge Purcell's Report and Recommendation, Doc. No. 8, is hereby ADOPTED IN ITS ENTIRETY.

**IT IS SO ORDERED** on this 16th day of August 2021.

!

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The provisions cited by Plaintiff, Okla. Stat. tit. 63 § 2-506(B), are forfeiture provisions. As the Oklahoma Court of Civil Appeals explained, the Defendants did not seek forfeiture—and thus did not provide notice—because the Plaintiff was still challenging his conviction. *See Kalbaugh*, Case No. DF-117,770, *supra* note 1, at 4.